### ROUSE T. POTTER *v.* SETH PADELFORD & CO.

The assignment of a day certain for the trial of a case, is a matter of discretion with the Court, and therefore a refusal to make an assignment can never be a cause for a new trial.

A new trial will not be granted for a cause which would have been a good ground for a motion to postpone the trial of the case, especially when it does not appear that a postponement was asked for any cause.

A new trial ought not to be granted for evidence newly discovered, which is merely cumulative, unless it is, in a manner, conclusive on the point on which it is offered.

Where a petition alleged, as a ground for a new trial, that the verdict was "against the weight of evidence, and against all the evidence in the cause, and against law and justice": *Held,* that this allegation can receive no consideration at the hearing, unless the Court be furnished with a report of the evidence certified by the Judge who tried the cause, as required by a standing rule of the Court.

*Semble,* That unless a petitioner is entitled to a new trial upon some one ground, which singly considered and standing alone would be held sufficient, his petition will be dismissed.

THIS was a petition for a new trial of the case of Padelford & Co. *v.* Potter, under the provisions of "an act in relation to the Supreme Court," sec. 4 (Dig. 1844, p. 89). That action was assumpsit upon a promissory note, payable to the order of the plaintiffs, and signed, "John S. Douglas, Agent for Rouse T. Potter." The general issue was pleaded, under which the defendant denied the authority of Douglas. The said Douglas was

the principal witness for the plaintiff upon this point. The first trial of the cause resulted in a verdict for the defendant: but at the second, which the plaintiff claimed, as of right under the statute, the plaintiff obtained a verdict for the full amount of the note declared on. The defendant thereupon filed this petition. The grounds upon which he relied, are substantially stated in the opinion of the Court.

*Blake* and *J. P. Knowles* for petitioner, contended that the statute vests the Court with unlimited discretion, rendering it incumbent upon them to pass upon every petition of this description as a case *sui generis*, untrammelled by citations from English or American authorities, or even from the reports of our own State. That if the petitioner could make it "appear to the satisfaction of the Court" that the former trial was, in fact, not "full, fair and impartial," the Court was bound to grant a new trial: That whether the alleged incompleteness, unfairness or partiality, is tracable to one cause or another,—to accident, mistake, Providential interposition, or even an inadvertence or mistake of counsel or agent, was. an immaterial inquiry, if the petitioner himself is blameless, and right and justice is subserved by granting the petition: and that even were it the fact, that upon no one of the several grounds upon which a new trial was asked, singly considered, would the Court adjudge the request reasonable, yet, upon consideration of the whole case, as presented in the petition and the affidavits, the Court might and ought to grant its prayer. Nor could any reasonable objection be urged against this construction of the statute, inasmuch as the terms upon which new trials are granted, the Court prescribes.

*Potter* and *Thurston* for the respondents, contra.

STAPLES, C. J. The petitioner asserts in the first place, that his personal presence was important to his defence; that owing to his advanced age, he could not attend the Court and wait till the trial came on, and that he moved the Court to assign a day for the trial, which motion was refused; that he then appointed his son Henry his agent, to defend the case; that said Henry was also an important witness for him in the trial of the case, and that he was rendered unfit to attend to his defence properly, by learning, during the trial, that his mother was at the point of death, and also that a few moments before he took the stand as a witness, he received information of the death of a niece.

The assignment of a day certain for the trial of any case, is a matter of discretion with the Court. The refusal to make an assignment cannot, therefore, be ever a cause for a new trial. If the son and agent of the defendant was rendered unfit to attend to the defence, or to give testimony in the cause, from any circumstance happening before or at the trial, it might have furnished good ground for the continuance or postponement to a future time, but not for a new trial, especially when it does not appear that the defendant asked for a continuance or a postponement for that reason.

The second cause for a new trial assigned in the petition, is the unexpected absence of Joseph C. Pearce, whom the defendant intended to examine as a witness.

It is stated in the petition that the defendant deemed the testimony of said Pearce important for his defence; that he was absent at the commencement of the term, and that his counsel then gave notice that he should ask

for a continuance or postponement, unless he arrived in Court before the case was called for trial, and that when it was called for trial, he neglected to ask for a postponement on being informed that it had been agreed to use " the Judge's notes" of said Pearce's testimony on a former trial, but at the trial, this agreement was denied by the plaintiff's counsel.

Admitting that the testimony of said Pearce was important for the defendant, the circumstances in the petition set forth, might furnish sufficient ground for a continuance, if said Pearce had been summoned, yet this was not asked for. It seems that the notes of the plaintiffs' counsel, of said Pearce's testimony, were read to the jury, and it does not appear that the defendant's counsel offered, or was prepared to offer, " the Judge's notes" of said testimony. If he were prepared with these notes, and the plaintiffs' counsel then refused to have them read, according to agreement between him and the defendant's agent, that would have been a good ground for a motion for a continuance: and, so, if these notes could not be procured by the defendant.

For further cause for a new trial, the petitioner alleges that he has discovered new and important evidence in his favor, since said trial, and *first*, that of Benjamin Simmons.

By the affidavit of said Simmons, filed by the defendant, it appears that said Simmons lived in Bristol, and had for a long time dealt with John S. Douglas, and sold him articles for his store, and that said Douglas never disclosed hs agency to him: and that the witness, until after the failure of said Douglas, never knew of his being, or of his pretending to be, the agent of the defendant.

At the trial of said cause, the defendant did produce to the jury some evidence, tending to show that said Douglas was not his agent, and he relied on this as his defence, as was agreed at the hearing of this petition. This testimony of Simmons, then, is cumulative. If a new trial should be granted on the discovery of mere cumulative testimony, seldom could any verdict stand, for it is seldom the case that a party against whom a verdict is rendered might not on a second trial offer more evidence of this character to a jury. We apprehend the rule to be, that no new trial ought to be granted for evidence newly discovered, which is merely cumulative, unless it is in a manner conclusive on the point on which it is offered.

*Second,* that the testimony of Henry Wardwell, a witness examined by the plaintiffs, was not understood by the counsel or the jury as the witness intended it should be.

By the affidavit of said Wardwell, it appears that he testified, that before the failure of Douglas, he, the witness, cautioned the sons of the defendant, Henry B. and Charles, or one of them, of " the danger of the defendant's being involved by his connexion with said Douglas," and that, if he had been cross-examined by the defendant, as to the exact language he used, or as to what particular thing he referred, he should have stated that he referred to the endorsements of said defendant for said Douglas, and to nothing else.

At the trial of this petition, it was stated that said Wardwell stated to the jury that he cautioned the sons of the defendant, that Douglas was involving and might injure the defendant; that the sons testified that they

never knew of any agency, and that Wardwell did not name any agency to them, but in his said testimony, said Wardwell referred to notes and drafts of Douglas being endorsed by the defendant. Now the sons of the defendant were aware of such notes when they received this caution from Wardwell. If they supposed that there was any occasion for the caution, they must have supposed it was these endorsements, and they did so. The jury had the same facts, and ought to have referred the caution to the same cause, and it is presumed they did so.

*Third,* that the plaintiffs produced at said trial a note given by said Douglas, as agent, to Charles Potter, one of the sons of defendant, which said Douglas had paid and taken up; that said Charles was detained from Court by the sickness of his daughter, but has seen said note since the trial, and that the defendant can prove by the said Charles that the word agent was not on said note while it was in his possession.

It was admitted that this note was produced as evidence at the first trial of this case, and when said Charles was present. Between the first and second trial, the defendant took the deposition of said Charles, which deposition is not now to be found in the files of the Court. The plaintiffs, at the trial of this petition, insisted that the defendant examined said Charles in his deposition in relation to said note, and that his statements in relation to it were read to the jury who tried said case. It is unfortunate that this deposition cannot now be found: but whether it contained any statement of the witness in relation to said note or not, it is certain that the defendant knew that this note had been used against him as evidence at the first trial, and he ought to have interrogated him in relation thereto when he took his depo-

sition. His neglect so to do can be no ground for a new trial, nor is the absence of said Charles, whose deposition was taken in the case.

The petitioner further alleges, that at the first trial, said Douglas, on being examined as a witness for the plaintiff, swore that he had, during the time he did business in the store of the defendant, acted as his agent, and not as one doing business on his own account; and that at said trial, he, the defendant, proved that said Douglas did business there at the time referred to in his own name. That at the last trial, said Douglas, on his examination as a witness, swore that he had generally done business in his own name, and that the defendant was unable to prove the statements of said Douglas at the first trial, by reason of the absence of said Joseph Pearce and the state of mind of said Henry Potter.

The legal effect of the testimony of Pearce and Potter on this point, would have been to impeach or wholly destroy the testimony of Douglas, given at the last trial, and thus leave the case to be decided by the other testimony adduced in it. That testimony, so intended to be impeached, tended to show that Douglas did business in his own name and not as agent. We cannot see how the impeaching of Douglas in this point of his testimony, would make the defence of the defendant any stronger before the jury. As stated by the defendant, the tendency of the testimony intended to be impeached was, to show that Douglas was not doing business as agent of the defendant, the very point on which the defendant rested his defence.

But if the effect would be different, the fact of the discrepancies in the statements of Douglas was known to the defendant as soon as he was examined at the last trial.

Rouse T. Potter *v.* Seth Padelford & Co.

If he were surprised by such contradictory statements, he should have asked for time to show them to the jury by proof, and such a motion would have been listened to. But instead of that, he asked for no delay, examines one witness on the point, and rests satisfied with his case in this particular. In the view we take of the evidence as stated by the defendant, the defendant might well do so, as the statement of Douglas which he sought to impeach, tended to prove the defendant's case.

The petitioner also contended that the verdict rendered by the jury was for s larger sum than it should have been—that it was for the full amount of the note sued, and that the plaintiff had received from the assignee of said Douglas, one hundred and fifty dollars in part payment of the same. And further, that said verdict was against " the weight of evidence and against all the evidence in the case, and against law and justice."

The rules of the Court require whenever a new trial is sought for, for either of these grounds, that the petitioner shall cause a report of the evidence to be certified by the judge trying the cause, within three days next after the rendering of the verdict. No such report is presented to the Court in this case, so that it is impossible to ascertain whether such evidence was offered as is supposed in the petition, or whether the verdict was against all the evidence or the weight of evidence in the cause. At the trial of the petition, it was stated that the assignee of Douglas had paid to the plaintiff the sum of one hundred and fifty dollars, and had taken the plaintiffs note therefor, being in doubt, in consequence of this suit and the ground of defence, whether he should pay anything to the plaintiff, on this note, out of the funds in his hands. If

these were the facts proved at the trial, they show that neither the assignee nor the plaintiffs considered the sum paid to the plaintiffs by the assignee as part payment of this note. The plaintiffs did not release any part of the note, and the assignee retained the means of compelling the plaintiffs to repay to him the amount so received.

Of the many points suggested by the petitioner for a new trial, we can find no one sufficient to warrant our granting the petition.

*Petition dismissed.*